*281 OPINION.
Tktjssell :
The respondent has taken the position that petitioner in March, 1923, incurred an indebtedness of $45,000 and that when it satisfied it by the payment of $33,200 in June, 1923, there resulted an income to petitioner in the amount of $11,800. The petitioner’s position is that the transaction resulted in no taxable gain or income, but merely reduced the cost of the buildings to petitioner and that the whole transaction was not completed until the acceptance of the buildings by petitioner and the final cash payment was made.
At the hearing on this proceeding respondent laid considerable stress upon the bookkeeping methods of petitioner, and placed three revenue agents on the witness stand, but we are unable to perceive the materiality of mere booking entries in the case at bar.
We feel that it is unnecessary to recite any of the facts in our apinion for they are clear and concise as set out in the findings of fact. The transaction here involved, was one transaction which was not completed until the buildings were completed and accepted by petitioner as provided by the executory contracts and prior to such time the parties by agreement, modified their contracts by reducing the amount petitioner had to pay for the buildings. Instead of paying $45,000 plus interest over a term of years, the petitioner reduced the total cost of its buildings by paying $33,200 cash in June, 1923, and such transaction resulted in no taxable gain nor income to petitioner.

The deficiency, if any, should he recomputed m accordance with the above fundings of fact a/nd opinion. Order of redetermination will be entered on 15 days' notice, pu/rsuazni to Rule 50, a/nd judgment will be entered accordingly.